IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Packaging Engineering LLC, | : | Case No. 3:07 CV 01651 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| Werzalit of America, Incorporated, | : | |
| Defendant. | : | |

Plaintiff's complaint alleging breach of contract was removed to this Court from Lucas County Common Pleas Court pursuant to 28 U.S.C. § 1332. Upon consent of the parties, the case was transferred to the undersigned Magistrate for final disposition. Pending are Defendant Werzalit - America's Motion to Dismiss for Lack of Jurisdiction (Docket No. 11) and Defendant Werzlit-Germany's Motion to Quash Service and to Dismiss for lack of Personal Jurisdiction (Docket No. 12). Plaintiff filed an Opposition to the Motion to Dismiss for Lack of Jurisdiction (Docket No. 17) and Defendants filed a Reply (Docket No. 20). For the reasons that follow, Defendants' Motions to Dismiss for Lack of Personal Jurisdiction are granted.

## THE PARTIES

Plaintiff, a domestic limited liability corporation organized under the laws of Ohio, engages in the manufacturing of automotive and glass products packaging (Docket No. 1, ¶s 1 & 6). Its principal place of business is in Lucas County, Ohio (Docket No. 1, ¶ 1). Russ Hall is Plaintiff's President and

Chief Operating Officer (Docket No. 18, ¶ 1).

Defendant Werzalit - America is a Pennsylvania corporation. Its principal place of business is in Bradford, Pennsylvania (Docket No. 1, ¶ 2). Alan Ramsey is President (Docket No. 18, ¶ 2). Defendant Werzalit - America is wholly owned by Defendant Werzalit - Germany, a German company described as a limited partnership (Docket No. 1, ¶ 2; Docket No. 14, ¶s 2 & 5). Its principal place of business is in Oberstenfeld, Germany (Docket No. 14, ¶ 2). The Chief Executive Officer at Defendant Werzalit - Germany is Jochen Werz, and Martin Dietz is the Vice President of Technical Coordination/Chief Engineer(Docket No. 1, ¶s 15 & 16, Docket No. 14, ¶ 1; Docket No. 18, ¶ 8).

## FACTUAL BACKGROUND

The basic facts are not in dispute. Plaintiff had a contract with Pilkington, a Northwood Ohio, corporation that manufactures windshields (Docket No. 1, Exhibit A, Complaint ¶ 3). Alan Ramsey was in Toledo, Ohio, on August 31, 2005 and Russ Hall approached him about a proposal to produce wooden crates to protect windshields while in transit (Docket No. 18, ¶ 2). Initially, Alan Ramsey declined the invitation to produce the crates (Docket No. 21, ¶ 6; Docket No. 1, Exhibit A, Complaint ¶s 3 & 7, Exhibit A). Alan Ramsey traveled to the Pilkington plant in mid-September 2005 (Docket No. 21, ¶ 10). Alan Ramsey understood that he was instructed to proceed with the production of the prototype crate (Docket No. 21, ¶ 10; Docket No. 18, ¶ 5). Alan Ramsey traveled to the Pilkington plant again in November 2005 to deliver the prototype (Docket No. 21, ¶ 11, Docket No. 18, ¶6). Alan Ramsey traveled to the Pilkington plant again in mid-February 2006 (Docket No. 18, ¶ 7, Docket No. 21, ¶13). On April 2, 2006, Alan Ramsey and Martin Dietz came to Toledo, Ohio (Docket No. 18, ¶ 8).

According to Plaintiff, $75,000 was tendered to Defendant Werzalit - America in January 2006 to begin tooling the crates (Docket No. 1,Exhibit A, Complaint ¶ 8; Docket No. 18, ¶ 4). During the

course of four months, Ramsey introduced a prototype of the product; however, he was unable to produce the product according to the schedule (Docket No. 1, Exhibit A, Complaint ¶s 9 & 10). Nevertheless, Ramsey was paid a total of more than $200,000 to complete the project (Docket No. 1, Exhibit A, Complaint ¶ 8; Docket No. 18, ¶ 10). Alan Ramsey averred that National City Bank managed Defendants' banking needs. All deposits remitted by Plaintiff were directed to a lock box for deposits at National City Bank (Docket No. 21, ¶s 18, & 19).

Plaintiff contends that it was necessary to contract with another manufacturing entity, Boltzo Manufacturing, to complete the tooling project (Docket No. 1, ¶ 11). Defendant Werzalit issued a purchase order to Boltzo Manufacturing in the amount of $80,000 to be paid by Defendant on delivery of the product (Docket No. 1, Exhibit A, Complaint ¶ 12). Plaintiff advanced $25,000 of the $80,000 to Boltzo with the understanding that Defendant Werzalit would pay Boltzo $55,000 and reimburse the $25,000 which Plaintiff paid to Boltzo on the purchase order (Docket No. 1, Exhibit A, Complaint ¶s 13, 140. Defendant failed to complete payment to Boltzo and failed to reimburse Plaintiff (Docket No. 1, Exhibit A, Complaint ¶ 14). Plaintiff was subsequently assured by Martin Dietz and Jochen Werz that the terms of the contract were guaranteed (Docket No. 1, Exhibit A, Complaint ¶s 15 & 16). Plaintiff claims that as of May 4, 2007, Defendants have failed to deliver the production tooling, produce any crates or pay the amount due under the purchase agreement (Docket No. 1, Exhibit A, Complaint ¶ 17 & Prayer for Relief).

## PROCEDURAL BACKGROUND

Plaintiff filed a breach of contract action in the Lucas County Court of Common Pleas May 4, 2007 (Docket 1, Exhibit A, Complaint). Defendant Werzalit - America filed a notice of removal on June 5, 2007 (Docket No. 1). On June 20, 2007, this Court accepted jurisdiction (Docket No. 6). Defendants

Werzalit - America and Werzalit - Germany filed Motions to Dismiss for Lack of Jurisdiction and to Quash Service (Docket Nos. 11 & 12). The parties presented oral argument on the Motions to Dismiss at a hearing conducted by the Magistrate (Docket No. 19).

## STANDARD FOR MOTION TO DISMISS

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. A party may, however, assert the defense of lack of personal jurisdiction by motion. FED. R. CIV. P. 12 (Thomson/West 2008). In a motion to dismiss for lack of personal jurisdiction the plaintiff bears the burden of proving that jurisdiction exists. *Mid-West Materials, Incorporated v. Tougher Industries, Incorporated*, 484 F. Supp.2d 726, 729 (N. D. Ohio 2007) (*citing Youn v. Track, Incorporated,* 324 F.3d 409, 417 (6th Cir. 2003) *(citing Neogen Corporation v. Neo Gen Screening, Incorporated,* 282 F.3d 883, 887-888 (6th Cir.2002)). The plaintiff's burden of persuasion hinges upon whether the Court conducts an evidentiary hearing. *Id.* When an evidentiary hearing is held, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Youn,* 324 F. 3d at 417.

## ANALYSIS

Plaintiff argues that Alan Ramsey has been to Toledo, Ohio on four occasions. He contends that Defendant Werzalit was obviously conducting other business in Ohio as evidenced by the company's Cleveland, Ohio post office box. Consequently, Plaintiff concluded that Ohio's long arm statute confers personal jurisdiction over Defendants.

Defendants Werzalit - America and Werzalit - Germany seek dismissal of Plaintiff's complaint because their minimum contacts with Ohio were insufficient to establish either general or specific personal jurisdiction. Defendants argue that Ohio's long-arm statute, therefore, does not confer personal jurisdiction over the Werzalit Defendant.

Federal courts apply the law of the forum state when determining whether personal jurisdiction exists. *Mid-West Materials*, *supra*, 484 F. Supp.2d at 729 (*citing Youn,* 324 F.3d at 417; *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002)). If personal jurisdiction exists under the forum state's long-arm statute, the court then must determine whether personal jurisdiction would comport with the Due Process Clause of the U.S. Constitution. *Id.* at 729-730 (*citing Youn,* 324 F. 3d at 417). Thus, the district court must determine if personal jurisdiction is present under Ohio's long-arm statute and, if so, whether personal jurisdiction comports with the Due Process Clause of the U.S. Constitution. *Id.*

General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," so that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. *Id. (citing Youn,* 324 F. 3d at 418). Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court. *Id*. The Sixth Circuit employs a three-part test for determining whether specific jurisdiction exists as follows: (1) a defendant must purposefully avail itself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* (*citing Southern Machine Company v. Mohasco Industries, Incorporated,* 401 F.2d 374, 381 (6th Cir. 1968)).

Ohio's long-arm statute provides, in part, that a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in Ohio or contracts to supply services or goods in this state. *Id.* (*citing* OHIO REV. CODE § 2307.382(A)(1)). Transacting business encompasses "carrying on" business and "having dealings" within Ohio. *Id.* (*citing Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Incorporated,* 53 Ohio

5

St.3d 73, 559 N.E.2d 477, 480 (Ohio 1990), *cert. denied,* 111 S. Ct. 1619 (1991)).  A contract with an out-of-state party, standing alone, is not sufficient to establish minimum contacts.  *Burger King Corporation v. Rudzewicz*, 105 S. Ct. 2174 2185 (1985).  A nonresident's ties must create a substantial connection with the forum state.  *Id.*

Plaintiff fails to proffer sufficient evidence to persuade the Court that it may exercise personal jurisdiction.  Defendants did not avail themselves of the privilege of acting under Ohio law.  Neither Defendant Werzalit - America nor Defendant Werzalit - Germany is licensed to do business in Ohio.  Neither Defendant solicited business in Ohio.  Plaintiff's representative, Russ Hall, made the initial contact about obtaining Defendants' services in producing the tooling.  The prototype was designed and built in Pennsylvania because neither Defendant maintains offices or employees in Ohio.  No evidence was tendered to show that the parties anticipated the ongoing marketing of the prototype.  Most communication was conducted by telephone or mail.  Defendant Werzalit - Germany's agent Martin Dietz traveled to Ohio once.  Defendant Werzalit's agent Alan Ramsey traveled to Ohio four times.  All financial transactions were conducted with a bank.

In summary, these sporadic contacts with the forum did not rise to the level of evidence necessary to show that Defendants were "carrying on" business in Ohio or that the business they conducted had a substantial impact on commerce.  There was no continuing obligation created as a result of the agreement to produce the tooling.  The contacts were not substantial to the extent that Defendants should have anticipated that the transaction would have consequences in Ohio since Defendants' actions or failure to act in Pennsylvania gave rise to the alleged breach of contract claim.

The Magistrate finds that the connections between Plaintiff and Defendants are tenuous and do not meet the "arising from" requirement in Ohio's long arm statute.  Accordingly, Defendants' Motions

to Dismiss are granted.

Because the Magistrate finds that Plaintiff did not establish the minimum contacts necessary for this Court to exercise jurisdiction under the Ohio long-arm statute, it is unnecessary to engage in the constitutional due process inquiry or to address the requirement for service on a foreign entity.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   March 12, 2008